ants were entitled to be put in the same position that they were in when the action was commenced, and that involved the actual possession of these securities; and, as the judgment under which these securities were taken from the possession of the defendants has been reversed and the complaint dismissed, there is no justification for withholding from the defendants the possession of the securities.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

---

GARDINER et al. v. BRONX NAT. BANK OF NEW YORK.

(Supreme Court, Appellate Division, First Department.　July 10, 1913.)

1. EVIDENCE (§ 461*)—PAROL EVIDENCE—SHOWING INTENT OF PARTIES.

Where an order of the board of directors of a bank did not purport to relate in any way to a contract made with the plaintiffs by the organization committee of the bank, parol evidence is inadmissible to show that it was intended to be a ratification of the resolution of the committee.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2129–2133; Dec. Dig. § 461.*]

2. BANKS AND BANKING (§ 111*)—OFFICERS—REPRESENTATIVES.

Statements made by directors of a bank at times and places other than board meetings are not made while acting officially, and do not bind the bank.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 269, 270; Dec. Dig. § 111.*]

Appeal from Trial Term, New York County.

Action by Henry A. Gardiner and another against the Bronx National Bank of New York. Judgment for the plaintiffs, and defendant appeals. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, DOWLING, and HOTCHKISS, JJ.

John Hall Jones, of New York City, for appellant.
George B. Draper, of Rochester, for respondents.

HOTCHKISS, J.　[1] It is not claimed that the "organization committee" had any power to bind the bank, the organization of which it was engaged in promoting. The committee's resolution of September 18th was a mere recommendation to the board of directors to be thereafter selected. The resolution of October 24th passed by the board did not purport in any way to relate to the original contract with plaintiffs or to their present claim for extra compensation, and was in no sense an adoption or ratification of the committee's resolution. Parol evidence that it was intended to be such was incompetent, and should have been excluded. Trustees, etc., of Southampton v. Jessup, 173 N. Y. 84, 65 N. E. 949. The subsequent resolutions of the board repudiated plaintiffs' claim.

[2] Nor was the parol evidence by which plaintiffs sought to amplify the board's resolution of October 24th of a character sufficient

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to establish a contract with the bank. It consisted of desultory conversations with certain members of the board, but at times and places other than at board meetings. Whatever was thus said was said by such persons as individuals, and not while acting officially, and hence did not bind the bank.

The judgment should be reversed and the complaint dismissed, with costs.

INGRAHAM, P. J., and McLAUGHLIN and DOWLING, JJ., concur. CLARKE, J., concurs in result.